UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: )
Gina Alisha Gunn, SSN# (xxx-xx-3692) )   CASE NO: __19-05882__
aka Gina A Gunn, Gina Gunn, )
 )
 )
 )
 )
 )
101 Kingston Trace Road )
Columbia, SC 29229 )
 )
_____DEBTOR._____ )

NOTICE OF OPPORTUNITY TO OBJECT

The debtor(s) in the above captioned case filed a Chapter 13 plan on December 2, 2019. The plan is attached.

**Your rights may be affected by the plan.** You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Any objection to confirmation of the Chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, South Carolina 29201-2423 and served on the Chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the Chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

DATE____12/2/19_____            /s/ Jason T Moss_____
                                    Signature of Attorney

                                    Jason T Moss, Esq._____
                                    Moss & Associates Attorneys, P.A.
                                    816 Elmwood Avenue
                                    Columbia, South Carolina 29201
                                    (803) 933-0202


                                    __7240_____
                                    District Court I.D. Number

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Gina Alisha Gunn** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: | **19-05882** | |
| (If known) | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

District of South Carolina
# Chapter 13 Plan                                                                                                  5/19

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1**   The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$1,969.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | Gina Alisha Gunn | Case number | **19-05882** |
|---|---|---|---|

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

- [✔] The debtor will make payments pursuant to a payroll deduction order.
- [ ] The debtor will make payments directly to the trustee.
- [ ] Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

- [✔] The debtor will retain any income tax refunds received during the plan term.
- [ ] The debtor will treat income refunds as follows:

**2.4 Additional payments.**

*Check one.*

- [✔] **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3:    Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan.  Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

- [ ] None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- [ ] **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated.  The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| | | Includes amounts accrued through the | | (or more) |

*Insert additional claims as needed.*

- [✔] **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1.  In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

- [ ] **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures

| Debtor | **Gina Alisha Gunn** | Case number | **19-05882** |
|---|---|---|---|

of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed*

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2** **Request for valuation of security and modification of undersecured claims.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall release its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| NORTH AMERICAN TITLE LOANS | $1,924.22 | 2004 KIA OPTIMA | $975.00 | $0.00 | $975.00 | 6.25% | $19.00 (or more) |
| PROGRESSIVE | $1,415.51 | HOUSEHOLD GOODS-COUCH, TABLE | $200.00 | $0.00 | $200.00 | 6.25% | $5.00 (or more) |

| Debtor | Gina Alisha Gunn | Case number | 19-05882 |
|---|---|---|---|

*Insert additional claims as needed.*

**3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **CHASE AUTO FINANCE** | **2018 KIA OPTIMA** | $16,000.00 | 6.25% | $312.00 |

(or more)

Disbursed by:
☑ Trustee
☐ Debtor

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5    Surrender of collateral.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

| Debtor | **Gina Alisha Gunn** | Case number | **19-05882** |
|---|---|---|---|

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $____ or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐    **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5:    Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3    Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6:    Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

| Debtor | **Gina Alisha Gunn** | Case number | **19-05882** |
|---|---|---|---|

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Vesting of Property of the Estate

**7.1   Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**

☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**NOTICE: The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of creditor's claim regardless of proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.**

**Statement in Support of Confirmation: Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.**

**8.1(a) Reservation of Rights: Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.**

**3.1(c)** - Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| Debtor | Gina Alisha Gunn | | | Case number | 19-05882 |
|---|---|---|---|---|---|

| AMERIHOME MORTGAGE | DEBTORS RESIDENCE-101 KINGSTON TRACE ROAD, COLUMBIA, SC 29229, RICHLAND COUNTY, TMS# (R23108-01-23) | **$1,124.00** Escrow for taxes: X Yes ? No Escrow for insurance: X Yes ? No | **$38.00** Or more | **$10,000.00** | **$167.00** Or more |
| | | $ Escrow for taxes: ? Yes ? No Escrow for insurance: ? Yes ? No | $ Or more | $ | $ Or more |

* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.

** The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.
**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.
Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

**Part 9:    Signatures:**

**9.1    Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

| X | /s/ Gina Alisha Gunn | X | |
|---|---|---|---|
| | **Gina Alisha Gunn** | | Signature of Debtor 2 |
| | Signature of Debtor 1 | | |

| | Executed on | **December  2, 2019** | | Executed on | |
|---|---|---|---|---|---|

| X | /s/ JASON T. MOSS | Date | **December  2, 2019** |
|---|---|---|---|
| | **JASON T. MOSS 7240** | | |
| | Signature of Attorney for debtor  DCID# | | |

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

## Consent for Payment Method of Post-Confirmation Payments to the Trustee

Case Number: 19-05882

Debtor 1 Name: Gina Gunn

Debtor 1 Address:

_____

_____

_____

Debtor 2 Name: _____

Debtor 2 Address:

_____

_____

_____

I/We hereby consent to:

☒ **A Wage Order,** so that my payments due to the Chapter 13 Trustee ("Trustee") will be drafted from my/our paycheck and sent by my/our employer to Trustee. I/We understand that the wage order will direct the employer(s) to pay the Trustee, but that if the employer does not send the payment to the Trustee, even after taking them out of my/our pay, it is up to me/us to contact my/our employer to send in the payments.

This is the current address for the pay roll department of my/our employer(s). If this address ever changes, of if I/we change jobs, I/we will let you know where to reissue the wage order.

The wage order will be deducted from:

| Debtor 1 Name: Gina Gunn | Name of employer and address of payroll department: USPS 2001 Dixiana Road West Columbia SC 29172 | I want: ☒ all / ☐ ½ of the trustee payment taken out of my pay—the rest will be taken out of my spouses' pay, below. If "all" selected, then do not fill in the below boxes. |
|---|---|---|
| Debtor 2 Name: | Name of employer and address of payroll department: | I want: ☐ all / ☐ ½ of the trustee payment taken out of my pay—the rest will be taken out of my spouses' pay, above. |

☐ *(For cases assigned to Trustee Wyman only)* **Set up a TFS Bill Pay account,** so that my/our payments due to the Chapter 13 Trustee ("Trustee") will be drafted automatically from my/our bank account and sent directly to the Trustee by the program.

I/We also understand that it will continue to be my/our responsibility to make sure that the payments are sent to Trustee Wyman. I/We further understand that until the commencement of the wage order or payment deduction by TFS Bill Pay, we will need to send the payments to Trustee Wyman at the below payment address:

[Trustee Payment Address]

Signed: *[signature]*

Debtor 1 _____

Debtor 2 _____

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF SOUTH CAROLINA**

| IN RE:<br><br>**Gina Alisha Gunn**<br><br>DEBTOR(S) | CASE NO: 19-05882<br>CHAPTER: **13**<br><br>DEBTORS' STATEMENT<br>IN SUPPORT OF CONFIRMATION |
|---|---|

In connection with the plan dated December 2, 2019, the debtor(s) hereby state that they understand the following:

(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under the plan including the direct payments to creditors; and

(3) That debtor(s) may not agree to sell property, or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.

Date **December 2, 2019**     By: **/s/ Gina Alisha Gunn**
                                  Debtor

Date **December 2, 2019**     By: _____
                                  Joint Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re:<br>Gina Alisha Gunn, SSN# (xxx-xx-3692)<br>aka Gina A Gunn, Gina Gunn,<br><br><br><br>101 Kingston Trace Road<br>Columbia, SC 29229<br>                    Debtor(s) | CASE NO: __19-05882__ |

### CERTIFICATE OF SERVICE

I, Roger K. Pruitt, hereby certify that a copy of the *Notice and Plan with Certificate of Service-Conduit. Objections are due no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a)., Motion to Establish Value Included in Chapter 13 Plan, Debtor(s) Statement in Support of Confirmation* was filed with the Bankruptcy Court, on December 2, 2019, and was served, on December 2, 2019, upon the Trustee and the Creditors listed below by placing the same in the United States Mail with sufficient postage attached thereto at the addresses listed.

This 2nd day of December, 2019

By: /s/ Roger K. Pruitt
Roger K. Pruitt
Bankruptcy Paralegal
Moss and Associates, Attorneys P.A.
816 Elmwood Avenue
Columbia, South Carolina 29201

William K Stephenson, Jr., via (CM/ECF)
Chapter 13 Trustee
PO Box 8477
Columbia, SC 29202

Region 4 US Trustee CM/ECF
1201 Main Street, Suite 2440
Columbia, SC 29201

SEE ATTACHED LIST

```
Label Matrix for local noticing          AMERIHOME MORTGAGE                        ATTORNEY GENERAL OF UNITED STATES
0420-3                                    PO BOX 77404                              950 PENNSYLVANIA AVE, NW
Case 19-05882-jw                          Trenton NJ 08628-6404                     Washington DC 20530-0001
District of South Carolina
Columbia
Mon Dec  2 15:16:15 EST 2019

(p)BANK OF AMERICA                        CACH, LLC                                 CAPITAL ONE
PO BOX 982238                             Resurgent Capital Services                PO BOX 71083
EL PASO TX 79998-2238                     PO Box 10587                              Charlotte NC 28272-1083
                                          Greenville, SC 29603-0587


CHASE AUTO FINANCE                        COOLING & WINTER                          CREDIT ONE BANK
PO BOX 901003                             C/O JOSEPH BROWN/DYLAN LINGERFELT         PO BOX 60500
Fort Worth TX 76101-2003                  220 NORTH MAIN STREET, STE 500            City of Industry CA 91716-0500
                                          Greenville SC 29601-2129


Capital One Bank (USA), N.A.              DUTCH FORK MAGISTRATE                     FED LOAN SERVICING
by American InfoSource as agent           1019 BEATTY ROAD                          PO BOX 60610
PO Box 71083                              Columbia SC 29210-4630                    Harrisburg PA 17106-0610
Charlotte, NC  28272-1083


FIRST PROGRESS CREDIT CARD                Gina Alisha Gunn                          HUTCHINS LAW FIRM
PO BOX 84019                              101 Kingston Trace Road                   ATTN: SARAH LEONARD
Columbus GA 31908-4019                    Columbia, SC 29229-7662                   240 STONERIDGE DRIVE, STE 400
                                                                                    Columbia SC 29210-8013


IRS                                       John B. Kelchner                          LVNV Funding, LLC
PO BOX 7346                               Hutchens Law Firm                         Resurgent Capital Services
Philadelphia PA 19101-7346                PO Box 8237 (29202) 240 Stoneridge Drive  PO Box 10587
                                          Suite 400                                 Greenville, SC 29603-0587
                                          Columbia, SC 29202-8237


MET LIFE INSURANCE                        MIDLAND FUNDING                           Jason T. Moss
PO BOX 336                                PO BOX 2011                               Moss & Associates, Attorneys, P.A.
Warwick RI 02887-0336                     Warren MI 48090-2011                      816 Elmwood Avenue
                                                                                    Columbia, SC 29201-2027


NAVY FEDERAL CREDIT UNION                 NOBLE COOPER DENTISTRY                    NORTH AMERICAN TITLE LOANS
PO BOX 3000                               1415 PINE STREET                          7007 PARKLANE ROAD
Merrifield VA 22119-3000                  Columbia SC 29204-1847                    Columbia SC 29223-7631


North American Title Loans, LLC           PALMETTO HEALTH RICHLAND                  POWER HOME TECHNOLOGIES
3440 Preston Ridge Rd, Ste 500            PO BOX 402111                             715 N GLENVILLE DRIVE, SUITE 450
Alpharetta, GA 30005-3823                 Atlanta GA 30384-2111                     Richardson TX 75081-2898


PRISMA HEALTH                             PROGRESSIVE                               RESURGENT CAPITAL
PO BOX 2266                               256 WEST DATA DRIVE                       PO BOX 10466
COLUMBIA, SC 29202-2266                   SALT LAKE CITY UT 84141-0001              Greenville SC 29603-0466
```

```
RICHLAND COUNTY CLERK OF COURT      RICHLAND COUNTY MASTER IN EQUITY      RICHLAND COUNTY TREASURER
1701 MAIN STREET, #205              THE HONORABLE JUDGE JOSEPH M STRICKLAND  PO BOX 11947
Columbia SC 29201-2819              1701 MAIN STREET, ROOM 212              Columbia SC 29211-1947
                                    Columbia SC 29201-2819


RIDGEVIEW CIRCLE HOMEOWNERS ASSOC   SC DEPT OF REVENUE                      SC DEPT OF SOCIAL SERVICES
700 GERVAIS ST.                     PO BOX 12265                            PO BOX 1469
SUITE 100                           Columbia SC 29211-2265                  Columbia SC 29202-1469
Columbia SC 29201-3061


William K. Stephenson Jr.           US Trustee's Office                     US ATTORNEY'S OFFICE
PO Box 8477                         Strom Thurmond Federal Building         ATTN DOUG BARNETT
Columbia, SC 29202-8477             1835 Assembly Street                    1441 MAIN ST STE 500
                                    Suite 953                               Columbia SC 29201-2862
                                    Columbia, SC 29201-2448
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
BANK OF AMERICA
PO BOX 15019
Wilmington DE 19886
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)AmeriHome Mortgage Company, LLC        End of Label Matrix
                                          Mailable recipients   38
                                          Bypassed recipients    1
                                          Total                 39
```